E. T. Scoggins et al v. Curtiss & Taylor et al.

No. A-1987.  Decided March 30, 1949.
Rehearing overruled April 27, 1949.
(219 S. W., 2d Series, 451.)

*Carter & Stiernberg, Lloyd E. Steirnberg,* of Harlingen, and *L. Hamilton Lowe,* of Austin, for petitioners.

It was error for the Court of Civil Appeals to hold that all the various and sundry acts of jury misconduct found by the trial court did not result in probably injury to the petitioners. Texas Co. v. Gibson, 131 Texas 598; 116 S. W. (2d) 686; Hewitt v. Buchanan, 4 S. W. (2d) 169; Myers v. Thomas, 143 Texas 502, 186 S. W. (2d) 811.

*Taylor, Cox, Wagner & Adams,* of Brownsville, *Kemp, Lewright, Dyer & Sorrell,* and *Cecil D. Redford,* all of Corpus Christi, for respondents.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

The writ of error was granted on account of the tenative opinion of the Court that injury probably resulted to petitioners from the cumulative effect of four acts of misconduct on the part of the jury.

Petitioners E. T. Scoggins and his son and daughter sued respondent for damages on account of the death of Scoggins' wife and injury to Scoggins caused by a collision between Scoggins' automobile and respondents' truck which had been left standing during the night on a highway. The Court of Civil Appeals affirmed the trial court's judgment rendered for respondents on the verdict of the jury, which absolved the driver of the truck of negligence and found that Scoggins was guilty of negligence proximately causing the collision, in driving his automobile at an excessive rate of speed and in failing to have the automobile under proper control. 219 S. W. (2d) 435.

■ Rule 327 provides in substance that when the ground of a motion for new trial is misconduct of the jury the court shall hear evidence thereof and may grant a new trial if the misconduct proved is material, and "if it reasonably appears from the evidence both on the hearing of the motion and the trial

of the case and from the record as a whole that injury probably resulted to the complaining party". The question whether injury probably resulted to the complaining party from the misconduct is a question of law to be decided in the first instance by the trial court and on appeal by the reviewing court. Barrington v. Duncan, 140 Texas 510, 169 S. W. (2d) 462; City of Houston v. Quinones, 142 Texas 282, 177 S. W. (2d) 259; Prudential Fire Insurance Co. v. United Gas Corporation, 145 Texas 257, 199 S. W. (2d) 767; Motley v. Mielsch, 145 Texas 557, 200 S. W. (2d) 622; White Cabs v. Moore, 146 Texas 101, 104, 203 S. W. (2d) 200.

In this case the trial court, after hearing evidence offered in support of the motion for new trial and overruling the motion, filed at the request of petitioners findings of fact and conclusions of law as to the misconduct. The court found that four acts of misconduct occurred, but concluded that none of them was such misconduct as to warrant a new trial. The same conclusion was reached by the Court of Civil Appeals.

Several separate paragraphs of the trial court's findings of fact relate to statements made by the juror Pfeiffer about his belief that the testimony of a witness for the plaintiffs was "bribed testimony." These we treat as one of the four acts of misconduct. The court found that, after the jury had retired and before any of the issues had been answered, the juror Bounds at two different times heard the juror Pfeiffer say in substance "that he considered the testimony of the witness Plaskett (a witness for plaintiffs) was bribed testimony"; and that thereafter the juror Pfeiffer said in the presence of the juror Bounds that "he wasn't going to agree on anything that would be in favor of Mr. Scoggins", the plaintiff. The court further found that, while the jury was deliberating and before any issue had been answered, the juror Gibson heard the juror Pfeiffer say in substance that "he, Pfeiffer, felt that the witness Plaskett had been bribed and that he, Pfeiffer, would refuse to give any credence whatever to any testimony that the witness Plaskett might give." We find in the record no evidence tending to prove that the witness Plaskett had been "bribed."

The trial court found that at the end of the first or second day of the trial, and after the jurors had gone to their homes, the juror Dvorak had a conversation with one Calloway, who had no connection with the case, in which Calloway said in substance to Dvorak that "E. T. Scoggins had insurance on both his wife and his car, but that didn't bring back the life of his wife".

Another finding made by the trial court was that "the juror Bounds heard the juror Ratliff state in substance that the plaintiff, E. T. Scoggins, was not a poor man and had plenty and did not need any consideration out of this lawsuit."

The trial court further found that the juror Gibson heard another juror, during the deliberations in the jury room, state in substance that "he had personal knowledge as to whether it was possible or impossible to get off the highway at the point where the accident happened, and he knew it was impossible to get off the highway at this place."

The statements made by the juror Pfeiffer as to "bribed testimony" are the most serious of the acts of misconduct. Respondents argue that it is not error for a juror to express his opinion that the testimony of a witness is false and to give reasons for his belief, and they cite authorities holding that a juror's statement that a witness lies or that he is unworthy of belief does not require the court to grant a new trial. The juror Pfeiffer's statements meant that he believed the testimony of the witness to be false, but they meant more than that. They were the expressions of his opinion or belief that the witness had been paid or otherwise corruptly induced to give false testimony. In substance the juror charged the witness with perjury and charged someone, presumably the plaintiffs, or one acting for the plaintiffs, with subornation of perjury. The statements were highly prejudicial to the plaintiffs. The fact that they were repeated in the presence of at least three other jurors evidences an effort and an intention on the part of the juror Pfeiffer to prejudice other jurors against plaintiffs.

The juror even went so far as to add to the expression of his opinion that the testimony of the witness was "bribed testimony" the declaration that he "wasn't going to agree on anything that would be in favor of Mr. Scoggins." The parties are entitled to a jury made up of twelve qualified, disinterested and impartial men who are willing to decide the issues on the evidence heard by them during the trial. According to Pfeiffer's declaration he was not such a juror, and it seems more than probable that his answers to the issues on which the judgment was rendered for the defendants were influenced by his belief that the witness had been "bribed" and by his expressed intention not to agree to anything that would be in favor of the plaintiffs.

Respondents make the further contention that the testimony

of the witness Plaskett was relevant only to the issue as to the alleged negligence on the part of the defendants in failing to move their truck off the paved part of the highway, and that the statements made by the juror Pfeiffer could not have affected the jury's answers to the issues of contributory negligence which would have barred recovery by the plaintiffs regardless of the answers to the issues as to the defendants' negligence. This argument assumes that the jury's findings of contributory negligence were supported by uncontradicted evidence. These findings were that E. T. Scoggins was negligent in driving at an excessive rate of speed and that he was negligent in failing to have his automobile under proper control. Respondents point out the testimony of two disinterested witnesses which supports these findings, but petitioner Scoggins testified that he was driving 40 or 45 miles an hour and in substance that he had the automobile under control. The evidence made issues of fact as to contributing negligence. There were also fact issues as to negligence on the part of those in charge of defendants' truck, which the jury answered favorably to the defendants. In our opinion, the statements of the witness Pfeiffer that the testimony of one of plaintiffs' witnesses was "bribed testimony" and his declaration of an intention not to agree to anything in favor of plaintiff Scoggins probably influenced the answers of Pfeiffer, and of the three other jurors who heard his statements, to the material issues as to negligence of the defendants and contributory negligence of the plaintiff Scoggins, and thus caused injury to the plaintiffs.

■ The other three acts of misconduct found by the trial court are: information given to a juror, by one not connected with the case, that the plaintiff Scoggins had insurance on his wife and on his car; the statement by a juror during the jury's deliberations that Scoggins was not a poor man, had plenty, and did not need any consideration in the suit; and the statement by a juror in the jury room that he had personal knowledge of the highway and knew it was impossible to move the truck off the highway at the point where the accident occurred. These three acts of misconduct are of such nature that they may have caused injury to the plaintiffs. It is probably true that no one of them, considered separately in the light of the record as a whole, would require the granting of a new trial. But in our opinion, when all of them are taken together and considered with the misconduct first discussed, that about "bribed testimony," it reasonably appears that injury to petitioners was probably caused by them and that petitioners did not have the impartial trial by jury to which they were entitled.

Smerke v. Office Equipment Co., 138 Texas 236, 158 S. W. (2d) 302; Sproles Motor Freight Lines v. Long, 140 Texas 494, 168 S. W. (2d) 642; Texas Electric Railway Co. v. Wooten, 173 S. W. (2d) 463, 469.

■ Respondents contend that petitioners by reason of having requested the trial court to file conclusions of law to the effect that there was not such misconduct of the jury as to warrant a new trial, are estopped to question the conclusions. The trial court, after hearing petitioners' motion for new trial and evidence offered in support of the allegations of misconduct of the jury, overruled the motion by an order made and entered May 6, 1948. Petitioners on May 14, 1948, filed written request of the court to file findings of fact and conclusions of law as to the alleged jury misconduct. In this written request petitioners set out in separate paragraphs the findings of fact and conclusions of law to be made by the court. Acting on the request, the trial court on May 27, 1948, made and filed written findings of fact and conclusions of law which in general are the same as those requested by petitioners. The conclusions were in substance that the several acts of misconduct set out in the findings of fact were not such misconduct as to warrant a new trial.

The rule invoked by respondents and announced by the authorities which they cite is that a litigant may not invite or induce a court to make a ruling and then complain that the court committed error in doing so. Northeast Texas Motor Lines, Inc. v. Hodges, 138 Texas 280, 158 S. W. (2d) 487. In this instance there was no invited error. When the trial court overruled the motion for new trial after hearing the evidence as to misconduct, it necessarily concluded that the misconduct did not warrant the granting of a new trial. Petitioners did not invite or induce the trial court to overrule the motion. The error was the overruling of the motion. The written request made several days thereafter for findings and conclusions did not invite or induce the error already made. We believe that the petitioners' request for findings and conclusions is fairly considered a request of the court to state in writing the facts as to the alleged misconduct and in a formal way to set out the conclusions which he must have made when he overruled the motion for new trial several days earlier.

Other points in the application for the writ present questions which should not arise on another trial.

The judgments of the district court and the court of civil appeals are reversed and the cause is remanded to the district court.

Opinion delivered March 30, 1949.

Rehearing overruled April 27, 1949.