Bertrand L. EICHELBERGER, Appellant,

v.

Hobart R. RANKIN, Appellee.

No. 12820.

Court of Civil Appeals of Texas. San Antonio.

April 6, 1955.

Rehearing Denied April 27, 1955.

Leo A. Oliver, San Antonio, for appellant.

Trueheart, McMillan, Russell & Westbrook, San Antonio, for appellee.

NORVELL, Justice.

This action resulted from an automobile collision which occurred on the morning of

December 1, 1952. It appears that Rankin and Eichelberger were Air Force officers stationed at Randolph Field near San Antonio, Texas. They were driving to the field in their respective automobiles and had turned off the Austin-San Antonio Highway and onto the connecting road running between said highway and Randolph Field. Mist and light rain were falling and visibility was somewhat impaired. Lieutenant Eichelberger was at the head of a line of cars when he stopped his automobile for the purpose of giving a ride to an airman walking alongside the road. His car blocked the right-hand portion of the road and the car immediately following swerved out to the left and collided with another automobile traveling in the opposite direction. The next car in line was that owned and being driven by Major Rankin. He could not pass the Eichelberger car because of the collision on the left and the presence of the airman on the right. He could not stop, owing to the shortness of time and the wet and slick condition of the pavement, with the result that he rammed into the rear end of the Eichelberger car and severely damaged the front end of the 1951 Packard automobile which he was driving.

Rankin as plaintiff brought suit against Eichelberger. The jury found that Eichelberger was negligent in stopping his car upon the paved portion of the highway and that such negligence was the proximate cause of the collision in question. Judgment on the verdict was rendered for the sum of $1,025.

■ Eichelberger, as appellant here, presents three contentions which we shall briefly notice. It is urged that the trial court erred in failing to include the element of "new and independent cause," in its definition of proximate cause and in refusing to give an appropriate definition of such term. In our opinion the evidence did not raise the issue of "new and independent cause" and consequently the court did not err in refusing to give an instruction or definition with reference thereto.

Young v. Massey, 128 Tex. 638, 101 S. W.2d 809, 810.

■ Evidence was heard upon the motion for new trial, but the court refused to file findings of fact and conclusions of law upon the matters raised by the motion, and this action is assigned as error. Under the Texas Rules of Civil Procedure, a trial judge is not required to file findings and conclusions as to matters raised upon a motion for new trial in a jury case, Connor v. Heard & Heard, Tex.Civ.App., 242 S.W.2d 205, consequently no error is presented by appellant's point.

■■ The contention that the judgment should be reversed for jury misconduct must be sustained upon authority of Barrington v. Duncan, 140 Tex. 510, 169 S. W.2d 462, 465. The cited case was decided after the adoption of Rule 327, relating to jury misconduct and discusses the procedural change effected by the rule. The Supreme Court, however, stated that, "This court takes judicial knowledge of the fact that a jury is more apt to render a judgment against a defendant, and for a larger amount, if it knows that the defendant is protected by insurance." This rule of judicial notice of the probable prejudicial effect of a discussion of insurance has been criticized, Green, Blindfolding the Jury, 33 Tex.Law Review 157, but, so far as we have been able to ascertain, the Supreme Court has made no substantial departure therefrom. In his brief filed here, appellant does not contend that the rule has been changed, but, on the contrary, presents the rather novel contention that as the jurors in their mental and verbal ramifications among the immaterial, considered that both parties must have had insurance, the entire discussion was rendered harmless.

Three former jurymen testified. There was no substantial conflict in their testimony. One juror commented that the opposing parties seemed to be on friendly terms. Another juror suggested that both evidently carried insurance and that an in-

surance company would have to pay the damages; that the government required all Air Force officers to carry insurance before they could drive an automobile within the military reservation. One witness testified that he admonished his fellow jurors that insurance had nothing to do with the case, and that they should not discuss it; that insurance rates would go way up if juries adopted the attitude that if there was an insurance company involved, "we might as well bring in a verdict and go home." This admonition was not heeded, however, as thereafter the matter of insurance was again brought up and discussed, despite the efforts of this particular juror to keep it out of the case: It appears also that some discussion was had with reference to Major Rankin's being deprived of the use of his car, although this was not an element of damage for which a recovery was sought.

Upon examination of the record as a whole, to determine probable injury, we find that the damages award went to the limit of the pleadings and the evidence. This being the state of the record, we believe it probable that the jury, by discussing the matter of indemnity insurance, as well as the loss of the use of the car to Major Rankin (an unpleaded item of damage), enhanced the amount of the award. Scoggins v. Curtiss & Taylor, 148 Tex. 15, 219 S.W.2d 451.

We are unable to accept the theory that because some of the jurors stated that in all probability both parties were insured, the discussion of indemnity insurance was rendered harmless. The matter of insurance is immaterial to the issues to be determined by the jury. It is considered prejudicial because of its tendency (among others) to enhance the award of damages. The fact that there was speculation as to two insurance companies being involved rather than one, did not render the misconduct harmless.

For the error pointed out, the judgment of the trial court is reversed and the cause remanded.