Oscar R. MAY, Jr., Appellant

v.

M. W. HOVENKAMP, Appellee.

No. 15730.

Court of Civil Appeals of Texas.

Fort Worth.

June 29, 1956.

Rehearing Denied Sept. 14, 1956.

B. T. Johnson and Frank Ogilvie, Fort Worth, for appellant.

Harry N. Ward and W. O. Freeman, Fort Worth, for appellee.

BOYD, Justice.

Appellee M. W. Hovenkamp, doing business as Hovenkamp Construction Company, filed this suit against appellant Oscar R. May, Jr., and wife for $1,718.25, alleged to be the balance due under a contract with appellant. The suit was dismissed as to Mrs. May. Upon a jury verdict, judgment was rendered for appellee for the amount sued for and $400 attorney's fees.

Appellant owns Meadowbrook Drive-in Theater, and he and appellee entered into an oral contract whereby appellee engaged to do certain leveling and grading and graveling on the theater premises. Appellee pleaded that the agreement was that he would furnish the equipment and men, do such leveling and grading, furnish and spread such gravel as appellant should desire and direct, and that he was to be paid on an hourly basis for his men and equipment. Appellant alleged that the agreement was that appellee would grade and slope the land in such manner that rain water would drain therefrom; that the land should be graded and sloped in the form of a turtle-back, the highest point being in the center of the tract, and sloping downward slightly to the north and to the south, and that drain ditches should be prepared along the sides of the tract for the purpose of carrying rain water to the Trinity River. Appellant further alleged that after appellee discontinued the work, and after the rains came, water stood on the south half of the tract so as to make it difficult, if not impossible, for automobiles to enter and leave the area, and that appellant requested appellee to complete the work "as agreed," which he refused to do; that appellant necessarily and reasonably incurred an expense of $1,913.50 in correcting the situation caused by appellee's failure and refusal to complete the work according to the con-

tract. Appellant prayed that appellee take nothing, and in the alternative that appellant have judgment for $1,913.50 and $400 attorney's fees.

It was stipulated that either party entitled to judgment should recover $400 as attorney's fees, and that appellee was entitled to recover the amount sued for, subject to having a set-off in such amount as the jury might find was owing to appellant.

The court submitted to the jury the following issue: "Do you find from a preponderance of the evidence that the work done by the plaintiff and his employees for the defendant upon the occasion in question was done in a good and workmanlike manner?" The jury answered, "It was." The following definition was given: "By the term *good and workmanlike manner,* as used in this charge, means that the same shall be done as a person skilled in that business should do it, in a manner generally considered skillful by those capable of judging such work in Tarrant County, Texas." Conditioned upon a negative answer to the issue set out above, the court submitted another issue inquiring as to the reasonable cost to appellant, if any, in placing the theater site in the condition it would have been in had the appellee and his employees done the work in a good and workmanlike manner. No other issue was requested.

The only point for reversal is that the court erred in overruling appellant's motion for new trial on the ground of jury misconduct.

Several jurors testified on the hearing of the motion to set aside the verdict. In the order overruling the motion, the court found that the testimony of the juror, Mrs. J. Thomas Maddux, is "a correct account of the proceedings that transpired in the jury room during their deliberations."

Mrs. Maddux testified that after the jury had voted five for answering the issue in the affirmative and seven for answering it in the negative, the juror Farmer said that he had employed a contractor to construct a surface water dam on his land; that the contractor furnished the men and the equipment and did the work on an hourly basis; that the juror supervised the work, and told the contractor how to do it; that he paid the contractor for the number of hours he worked; and that such was the customary way to do that kind of work. Mrs. Maddux further testified that after the juror Farmer had made such statement, a woman juror said that her husband was employed by the government and was "connected in some way with that line of work," and that she knew that that kind of work was done on an hourly basis in the way described by the juror Farmer. Sometime after these statements were made in the jury room, the jury voted unanimously to answer the issue in the affirmative.

In the order overruling the motion to set aside the verdict, the court found that "there was misconduct by the jury in their deliberation, but further finds that such misconduct was without prejudice to the finding of the jury" on the issue which was answered.

There was evidence which, if believed by the jury, would have supported a finding that appellant's version of the contract was correct, that is, that appellee agreed to furnish the supervision or engineering service as well as the men and equipment to do the work. There was substantial evidence that the premises would not drain properly after appellee discontinued his work, that the general condition of the south side of the tract was flat, and that it was reasonably necessary for appellant to incur the amount of expense alleged by him in correcting the situation.

It appears to us that the issue which was answered comprehended an inquiry as to the elements of the contract between the parties. Before the jurors could determine whether the work done by appellee and his employees was done in a good and workmanlike manner, it was necessary for

them to determine the extent of appellee's commitments. "Good and workmanlike manner," as used in the issue, applied not only to what the jurors may have found that appellee did, but also what the jurors might have found that he agreed to do.

Rule 327, T. R. C. P., provides that where the ground of the motion is misconduct of the jury or that they received other testimony, the court may grant a new trial if the matters complained of be material, "and if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party."

We cannot escape the conclusion that injury probably resulted to appellant since, having voted seven to five that the work was not performed in a good and workmanlike manner, the jury voted unanimously that the work was performed in a good and workmanlike manner after they were told by juror Farmer that the customary way to do the kind of work that appellee engaged to do was for the owner of the premises to furnish the supervision and tell the contractor how to do it, and after a woman juror told them that her husband was connected in some way with the line of work involved in the contract in suit and that she knew such work was done on an hourly basis as described by Farmer.

Appellee does not contend that appellant waived any cause of action or ground of defense by failing to request an issue as to the precise terms of the agreement between the parties, or that such issue will be deemed to have been found by the court in such manner as will support the judgment, under Rule 279. Nor do we think that such provisions of the Rule are applicable to this case. Appellee's position is that the statements of the two jurors "did not bear directly upon the issue which inquired if plaintiff did work in a good and workmanlike manner—not whether he did it by hour or whether he furnished supervision."

If, as contended by appellee, the agreement did not obligate him to furnish the engineering service and that his whole duty was performed if and when he graded and sloped the tract and furnished and spread gravel as directed by appellant, it might have been found that he did the work in a good and workmanlike manner even though not a drop of water would drain from the area and even though it was impossible to use the premises for the purpose intended by appellant. But if the agreement obligated appellee to so grade and slope the tract that rain water would drain to the north and to the south, and if he failed to so grade and slope the tract, the jury might have found that the work was not done in a good and workmanlike manner. The evidence would support a finding that the work was done in a good and workmanlike manner if appellee was not required to furnish any engineering service, and it would also support a finding that the work was not done in a good and workmanlike manner if appellee was required to furnish the engineering service.

It is our opinion that the statements of the two jurors, which the trial court found to be misconduct, went to the very core of the controversy and was material to the issue answered. The fact that after the improper statements were made, seven jurors changed their votes from a finding that the work was not done in a good and workmanlike manner to a finding that it was done in a good and workmanlike manner convinces us that injury probably resulted to appellant. Becker v. Mollenauer, Tex.Civ.App., 234 S.W.2d 690; City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259; Maryland Casualty Co. v. Morua, Tex.Civ.App., 180 S.W.2d 194, writ refused; Scoggins v. Curtiss & Taylor, 148 Tex. 15, 219 S.W.2d 451.

The judgment is reversed and the cause remanded.

MASSEY, C. J., concurs in the result.