**TREASURE CITY, Appellant,**

v.

**Roy STRANGE, Appellee.**

**No. 19925.**

Court of Civil Appeals of Texas, Dallas.

Nov. 20, 1979.

Rehearing Denied Dec. 20, 1979.

Stanley M. Kaufman, Herbert Garon, Jr., Oster & Kaufman, Dallas, for appellant.

John H. Cochran, Dallas, for appellee.

Before GUITTARD, C. J., and CARVER and STOREY, JJ.

CARVER, Justice.

Treasure City, a retailer, appeals from a jury verdict awarding Strange, a shopper, actual and exemplary damages for false imprisonment. We reverse and remand because the jury, during deliberation, considered matters outside the record resulting in an unfair trial.

The jury found that: (1) Treasure City did not have reasonable cause to detain

Strange; (2) that Strange suffered mental anguish, humiliation and damage to his reputation in the amount of $1,500; (3) that the employees of Treasure City acted with malice; and (4) that Treasure City should pay $8,000 exemplary damages. Judgment was entered on the verdict. On Treasure City's amended motion for new trial, the foreman and three additional jurors testified regarding the jury's deliberations. The amended motion for new trial upon jury misconduct, and other points, was overruled and Treasure City has appealed.

■ Treasure City urges that the trial court erred in overruling its amended motion for new trial because the fact of jury misconduct is the only conclusion supported by the record and the legal conclusion of probable harm from such misconduct is compelled by precedent. We agree. In *Barrington v. Duncan*, 140 Tex. 510, 169 S.W.2d 462 (1943), our supreme court held that jury misconduct, as a ground for new trial, requires a fact finding that the misconduct occurred and a legal conclusion that the misconduct was of such a nature and degree that a fair trial has probably been denied. In reviewing the denial of a new trial, the fact finding of the trial court is tested by the sufficiency of the evidence; however, the legal conclusion of probable harm may be assessed by the reviewing court unfettered by the ruling of the trial court. *City of Houston v. Quinones*, 142 Tex. 282, 177 S.W.2d 259 (1944). The testimony of the jurors that their verdict was unaffected by the misconduct is without force or effect and may *not* be considered by the court in passing upon the question of probable injury. *City of Houston v. Quinones, supra*. If the evidence offered relative to the fact of misconduct is conflicting, the finding of the trial court is binding on review; however, if the evidence is conclusive, the reviewing court is not bound by ruling of the trial court contrary to the conclusive evidence. *Roming v. McDonald*, 514 S.W.2d 129 (Tex.Civ.App.—El Paso 1974, writ ref'd n. r. e.). Nor is the reviewing court bound by a fact finding of the trial court contrary to the overwhelming weight and preponderance of the evidence.

*Triangle Cab Co. v. Taylor*, 190 S.W.2d 755 (Tex.Civ.App.—El Paso 1945), *affirmed*, 144 Tex. 568, 192 S.W.2d 143 (1946).

■ Examining our record with these rules in mind, we find that the foreman and one additional juror testified that during the deliberations the jurors discussed (1) whether Treasure City or an insurance company would pay any money awarded; (2) whether the attorney for Strange had a contingent fee contract and would get one-third of any money awarded; (3) whether any money awarded would be reduced by taxes; (4) whether Strange, a black man, had "gotten a fair shake"; (5) whether two days lost wages to try this case and another day lost to giving a deposition, and tripled, was a better way to assess damages than to follow the court's charge; and (6) that during deliberation on exemplary damages, juror Mrs. S——— told the other jurors "she had personal reasons to give as much money possible to Mr. Strange." A third juror, summoned by the appellee, when examined as to these several events did not deny they occurred but only testified that he did not remember them occurring. A fourth juror, summoned by the appellee, when examined on these several points recalled only something about attorney's fees and wages being discussed but testified that extended discussion was cut off by the foreman. This juror could not recall any other of the remaining points being discussed. We conclude that from this record the fact of misconduct is established in that the testimony of two jurors is full and explicit and the misconduct is not denied by the remaining jurors, just unrecalled. Therefore, the conclusion drawn on the fact of misconduct by the trial court on this record is not binding on the reviewing court. *Roming v. McDonald, supra*.

■ Since we conclude that jury misconduct has been shown, we must determine if probable harm, to a degree denying a fair trial, has occurred. In *Crystal Palace Co. v. Roempke*, 227 S.W. 230 (Tex.Civ.App.—Galveston 1920, no writ), the court condemned the jury's departure from the evidence and

the charge to consider attorney's fees, hospital charges, and doctor's bills in reaching their verdict. In *Lake Worth Amusement Co. v. Maples,* 36 S.W.2d 1072 (Tex.Civ. App.—Ft.Worth 1931, no writ), the court condemned the jury's departure from the evidence and the charge to consider loss of earnings, hospital bill and ambulance charge in reaching their verdict. In *Barrington v. Duncan,* 140 Tex. 510, 169 S.W.2d 462 (1943), the court condemned the jury's consideration of the possibility that a party carried insurance to relieve himself against any judgment rendered. In *White Cabs v. Moore,* 146 Tex. 101, 203 S.W.2d 200 (1947), the court condemned the jury's discussing how much attorney's fees would have to be paid from any amount awarded. In *City of San Antonio v. McKenzie Construction Co.,* 136 Tex. 315, 150 S.W.2d 989 (1941), the court condemned a juror's announcement to rest of the jurors that he had preconceived a view in the case and would not participate in any discussion contrary to that view which was in favor of one of the parties. Coincidentally, this juror had written a letter seeking a favor from the party whose side he was taking and the other jurors learned of the letter. The remaining juror then used a threat to expose the letter requesting the favor in order to reach a verdict in the case. The supreme court stated in its opinion:

> To our minds, a verdict obtained under the above circumstances ought not to stand. Our Constitution guarantees a trial by a fair and impartial jury. This means that every member of the jury must be a fair and impartial juror. We think that no court can say beyond a reasonable doubt that, under the circumstances of this case, Slavik was free to act as an impartial juror, and that he did so act. 150 S.W.2d at 993.

We believe this expression of our supreme court condemns the verdict of the jury where one of the members acted on "personal reasons" rather than on the evidence and the charge, and another member acted upon the color of either party's skin. We conclude that this record compels the legal conclusion that the misconduct of the jury was of such a nature and degree that a fair trial to appellant has been denied. In *Scoggins v. Curtiss & Taylor,* 148 Tex. 15, 219 S.W.2d 451 (1949), three acts of misconduct were before the court for assessment as to probable harm. Justice Smedley acknowledged that each act, considered separately, was difficult to assess but that when all of them are taken together "it reasonably appears that injury to the petitioners was probably caused by them and that petitioners did not have the impartial trial by jury to which they were entitled." 219 S.W.2d at 454. Likewise we conclude that the six acts of misconduct reflected in our record leave no doubt of the appellant's injury in this case resulting in a denial of a fair trial. Appellant's points 1 and 2 are sustained and this cause is reversed and remanded.

Appellant by his points 3, 4 and 5 complains of the jury's finding of malice and the assessment of exemplary damages urging that there was no evidence or, in the alternative, insufficient evidence to support the jury's findings. Inasmuch as a new record must be offered to submit these issues on retrial, no opinion will be expressed on these points.

Reversed and remanded.