**TREASURE CITY, Appellant,**

v.

**Roy STRANGE, Appellee.**

No. 19925.

Court of Civil Appeals of Texas, Dallas.

July 29, 1981.

**812**

Stanley M. Kaufman, Dallas, for appellant.

John H. Cochran, Dallas, for appellee.

Before GUITTARD, C. J., and CARVER and STOREY, JJ.

## ON MOTION FOR REHEARING

CARVER, Justice.

■ Our prior opinion in this case appeared at 590 S.W.2d 816 (Tex.Civ.App—Dallas 1979) and held that because of jury misconduct the case should be retried. The supreme court reversed our holding with respect to jury misconduct and remanded to this court for review of points of appeal raised by Treasure City which were not discussed in our original opinion. See *Strange v. Treasure City*, 608 S.W.2d 604 (Tex.1980). On remand, we affirm the recovery by Strange of actual damages for false imprisonment as Treasure City's remaining points on appeal do not complain thereof, and affirm the award of exemplary damages because (a) the evidence raised issues of whether Johnny Chinn, in charge of security for Treasure City, was a vice-principal of his employer and whether Chinn was actuated by malice in the Strange incident; (b) the charge omitted these issues, without objection by Treasure City, but did submit, and the jury found actual and exemplary damages; (c) neither party requested the court to make findings on the omitted issues; consequently, under rule 279 T.R.C.P., we must deem that the trial court found the omitted issues in support of the judgment against Treasure City.

Strange sued Treasure City (but not its employees individually) for actual and exemplary damages for false imprisonment. Trial was to a jury and the testimony developed the following facts, substantially without dispute save as to any criminal culpability of Strange. Strange, his girl friend, her baby, and her mother were shopping at Treasure City at the same time but in different departments. Strange's selections, as he arrived at the check-out cashier, included a pair of men's shoes bearing an "on sale" tag and price, but Treasure City had not offered these particular shoes "on sale." The shoe department manager reported to Johnny Chinn, in charge of security for Treasure City, that he saw Strange examining the shoes with the proper tag affixed, and moments later placing the shoes in his shopping basket with an improper "on sale" tag affixed. When Strange arrived at the check-out cashier with the shoes, Phillip Nickerson, who worked for Chinn in security, invited Strange to a private office to discuss the shoes with Chinn. Strange went to the private office willingly, but his attitude changed as the investigation proceeded within the office. Chinn interrogated Strange and offered Strange a choice of paying full price for the shoes or defending a criminal charge. Strange elected to pay and Chinn accompanied Strange back to the cashier where he paid the full price for the shoes. Chinn took and retained the cashier's receipt to prevent Strange from later seeking a refund. In answer to special issues, the jury found (1) that Treasure City did not have reasonable grounds to detain Strange, (2) that Strange suffered mental anguish, humiliation and damage to his reputation in the amount of $1,500, (3) that the Treasure City employees (unnamed) acted with malice, and (4) that Treasure City should pay $7,000 exemplary damages. Judgment was entered on the jury verdict and Treasure City sought a new trial because of jury misconduct, as well as on other grounds. Treasure City's appeal, insofar as it relied upon jury misconduct, was presented by its first and second points, which points have been resolved by the opinion of the supreme court holding there was no jury misconduct. The additional points raised by Treasure City on its appeal are confined to the jury's findings of malice and exemplary damages, and no complaint is made of the findings and judgment for actual damages.

■ Treasure City briefs and argues together three additional points, all attacking the imputation to Treasure City of the malice of ordinary agents, servants or employees, as found by the jury, and, thus, the

imposition of any punishment upon Treasure City in punitive damages. Treasure City urges that since the record is silent as to prior authorization or subsequent ratification of the employees' acts, their malice, as found by the jury, cannot be imputed to Treasure City. Strange responds that the malicious acts of one shown to be an ordinary agent, servant, or employee who is acting in the course and scope of his employment may be imputed to, and punitive damages imposed upon, his corporate employer. We cannot wholly agree with either argument because each is an inadequate and incomplete expression of the rule recognized by the decisions of the court of this state. We rely upon the rule expressed in *Ledisco Financial Services, Inc. v. Viracola*, 533 S.W.2d 951 (Tex.Civ.App.—Texarkana 1976, no writ) which holds:

> But a corporation can be held liable in exemplary damages only when it is shown that (1) the agent who acted with malice is something more than a mere servant; in other words, an agent who represents the corporation in such a manner that his acts are regarded as the acts of the corporation itself, or (2) the malicious act of a servant was previously authorized or subsequently adopted or ratified by the corporation, or (3) the corporation could reasonably have anticipated that what it knew the servant would do would likely cause him to maliciously do some other wrong. *Fort Worth Elevators Co. v. Russell*, 123 Tex. 128, 70 S.W.2d 397 (1934); *Fort Worth Hotel Co. v. Waggoman*, 126 S.W.2d 578 (Tex.Civ. App.—Fort Worth 1939, writ dism'd judgmt. cor.); *Wortham-Carter Pub. Co. v. Littlepage*, 223 S.W. 1043 (Tex.Civ. App.—Fort Worth 1920, no writ); *Equitable Life Assur. Society of United States v. Lester*, 110 S.W. 499 (Tex.Civ.App. 1908, no writ); 17 Tex.Jur.2d, Damages, Sec. 173 p. 239.

*Id.* at 957–58. *See King v. McGuff*, 149 Tex. 432, 234 S.W.2d 403 (1950).

■ While the jury found that the "employees" of Treasure City acted with malice toward Strange, we do not have a jury finding as to the possible malice of each individual employee who was involved with Strange. Neither do we have a jury finding as to whether any individual employee who acted with malice toward Strange also fits into any of those *Ledisco* circumstances which would impose the employee's malice upon Treasure City. Nevertheless, the trial court entered its judgment in favor of Strange for exemplary damages and neither party requested findings on these omitted issues. In circumstances where a judgment has been entered on a ground for relief, some of whose elements have been submitted to and favorably found by the jury but other elements were neither found by the jury, nor requested of and found by the court, we must deem the omitted elements to have been found by the trial court in support of its judgment, if the evidence supports such findings. Rule 279 T.R.C.P. (1981).

The only employee of Treasure City involved in the Strange incident, who, from the evidence, could be actuated by malice and, also, whose malice could be attributed to Treasure City under the test provided by *Ledisco*, was Johnny Chinn. Strange testified that Chinn interrogated him in the private office used by "security" at the Treasure City Store. According to Strange, Chinn called him a liar; threatened him with jail; demanded that Strange buy the disputed shoes whether he wanted them or not; took him out to the cashier and stood over him while he paid for the shoes; and, finally, kept the receipt for the shoes. The foregoing testimony supports a "deemed" finding under Rule 279 that Chinn was actuated by malice toward Strange. Chinn testified that he was "in charge of security" and that another security employee involved in the Strange incident, Nickerson, worked for him. The shoe department manager for Treasure City testified that all store employees were required to obey "Directive 100" issued by Treasure City; that the directive required all employees to report a possible theft or shoplifting incident in the store to the store manager, unless there were security employees in that particular store; that in obedience to the di-

rective, he reported the Strange incident to Chinn, rather than the store manager; and that the directive was silent as to any limitation on the discretion to be exercised by a store manager, or "security" (Chinn) in dealing with the report. This testimony by Chinn and the shoe department manager supports a "deemed" finding that Chinn was "more than a mere servant," as used in *Ledisco*, but instead, was a vice-principal of Treasure City so that his acts were the acts of Treasure City itself.

In support of this conclusion, we note that *Ledisco* cites and relies upon *Fort Worth Elevators Co. v. Russell*, 123 Tex. 128, 70 S.W.2d 397 (1934) which held that a vice-principal's acts were the acts of a corporation itself, and that a "vice-principal" included four classes of employees described as:

(a) Corporate officers; (b) those who have authority to employ, direct, and discharge servants of the master; (c) those engaged in the performance of nondelegable or absolute duties of the master; and (d) those to whom a master has confided the management of the whole or a department or division of his business.

*Id.* at 406. The evidence would support a deemed finding. Chinn was a vice-principal of Treasure City under *Russell* because he directed servants of the master as head of security and because he was "confided the management" of the security department or division with wide discretion under Treasure City's store directive. Since the jury found that Strange was unlawfully detained to his actual and exemplary damage, and since the evidence supports a "deemed" finding by the trial court that Chinn (who, without dispute, participated in Strange's detention) was actuated by malice while a vice-principal of Treasure City, we hold that all of the elements of the grounds for recovery by Strange are shown in our record and Treasure City's remaining three points cannot be sustained.

Treasure City urges that it made a sufficient objection to the charge of the court to avoid the "deemed" findings against it under Rule 279. The objection to the charge relied upon by Treasure City in support of this argument, appears in the statement of facts as both parties dictated their respective objections into the record with the court's leave to have the same subsequently reduced to writing and filed. Treasure City's objection relative to the malice and exemplary damages issues occupies thirty lines in the statement of facts but, in substance, complains of the *submission* of such elements as shown in the charge because "Plaintiff has failed to prove any of such elements which would give rise to the submission of an issue on malice or exemplary damages." The "elements" mentioned in the objection relate to the rule stated in *Ledisco*, and the objection included a citation to *Ledisco*. Treasure City's objection to the charge did not complain because of the *omission* of the two elements actually raised as to whether Chinn was a vice-principal and was actuated by malice toward Strange. Since the elements of "vice-principal" and "malice" were necessary to Strange's recovery, objection to their omission was Treasure City's proper method of preserving error. See *Lyles v. Texas Employers' Ins. Ass'n.*, 405 S.W.2d 725, 727 (Tex.Civ.App.—Waco 1966, writ ref'd n.r. e.). By failing to object to the omission, Treasure City cast these omitted elements to a subsequent finding by the trial court, if requested, or, absent such request, cast these elements to be *deemed* to be found in a manner supporting the judgment as entered.

■ Since Treasure City neither objected to the charge because of the omission of the elements of whether Chinn was a vice-principal and was actuated by malice, nor requested specific findings by the trial court thereon, we must deem that these elements, supported by the evidence, were found against Treasure City under Rule 279. Consequently, we overrule the remaining points and affirm the judgment entered by the trial court.

Our prior opinion on remand is withdrawn and the above opinion is substituted therefor in response to Treasure City's motion for rehearing.

Affirmed.