**REVERSE and REMAND in part; AFFIRMED in part and Opinion Filed July 21, 2022**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

No. 05-20-01024-CV
_____

**BENNIE GAMBLE, SR., RASIKA WALTON, EACH INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF BENNIE GAMBLE, JR., AND ASHLEY PETTAY AS NEXT FRIEND OF MINOR, N.M., Appellants**
**V.**
**ANESTHESIOLOGY ASSOCIATES, P.S.C., AND KENNETH M. RICHTER, M.D., Appellees**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-18-01764-E**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Smith
Opinion by Justice Smith

This appeal arises from a vehicle-bystander accident that resulted in the death of Bennie Gamble, Jr. in Oklahoma. Appellants Bennie Gamble, Sr., Rasika Walton, each individually and on behalf of the estate of Bennie Gamble, Jr., and Ashley Pettay as next friend of minor, N.M., challenge the trial court's summary judgment on their various causes of action in favor of appellees Anesthesiology Associates, P.S.C. and Kenneth M. Richter, M.D. We reverse the trial court's judgment as to

appellants' joint enterprise cause of action and remand for further proceedings. In all other respects, we affirm.

## Factual Background

### *Working Relationships of Defendants/Appellees*

Judy Blain worked for Anesthesiology Associates in Kentucky from 2001 to 2009. During her employment, she worked as a practice administrator. Her job responsibilities included billing and collections, hiring office staff, attending board meetings, assisting with finances, negotiating contracts, and directing CPAs. Kenneth Richter, a doctor and Anesthesiology Associates' president, described her as a "jack of all trades."

In November 2011, Blain moved to Texas to work as a client relations manager for Abeo. A year later, Anesthesiology Associates hired Abeo. Richter signed the contract with Abeo in which "client" (Anesthesiology Associates) retained Abeo to provide management, billing, and collection services. The contract essentially created a relationship in which Abeo conducted most of the day-to-day business operations, subject to the approval of Anesthesiology Associates' Board of Directors. It was a "collaborative effort" between the business and medicine.

Because of Blain's familiarity with her former employer, Abeo assigned her to Anesthesiology Associates as the client relations manager. At that time, Richter was not her boss, but instead a client and close friend.

Abeo assigned Lea Bauscher as a "pass through" employee, who worked in Anesthesiology Associates' Kentucky office as the office manager and handled the office's billing. Lea and Abeo, along with Blain in the Fort Worth office, ran a majority of the business aspects for Anesthesiology Associates.

### *The Car Wreck*

The accident in question occurred on July 11, 2017 in Oklahoma. Rasika Walton and her son, Bennie Gamble, Jr., were driving northbound on I-35 when her tire blew out. Walton pulled over to the side of the road, and a Good Samaritan helped change the tire.

Meanwhile, Blain was also driving northbound on I-35 enroute to a business meeting in Oklahoma City for another Abeo client. During her drive, Richter called from his home in Kentucky to tell her he planned to announce his retirement to Anesthesiology Associates the next day. Blain answered the call on her hands-free Bluetooth device. She continued driving with her cruise control set at approximately eighty miles-per-hour while continuing the conversation. Blain hit and killed Gamble and the Good Samaritan. The accident investigation determined the collision occurred because of Blain's inattentive driving while talking on the cellphone.

## Procedural Background

Appellants originally filed suit against Abeo and Blain on April 5, 2018. On July 8, 2019, they amended their petition and added Anesthesiology Associates and Richter as defendants. Appellants alleged negligence, negligent undertaking, negligence per se, negligent hiring, negligent supervision, and gross negligence against Richter and Anesthesiology Associates. They further alleged Richter engaged in aiding, abetting, and encouraging Blain to disregard certain laws resulting in tortious conduct.

Anesthesiology Associates and Richter filed a motion for summary judgment on July 9, 2020. They argued all of appellants' negligence causes of action failed because they did not owe or breach any legal duty to appellants. They further argued there was no special relationship between the parties giving rise to the right of control because Blain did not work for either Richter or Anesthesiology Associates.

On August 7, 2020, appellants filed objections and a response to appellees' summary judgment motion. They argued Texas has long recognized the existence of a duty of reasonable care to avoid distracting a driver, and a fact issue existed as to whether Richter breached this duty by engaging in a twenty-minute cellphone call when he knew Blain was driving.

Simultaneously with their summary judgment response, appellants filed a fourth amended petition. They alleged for the first time that Richter and Blain were

–4–

agents and vice-principals of Anesthesiology Associates thereby making it vicariously liable for their negligence.

Appellants settled their direct and vicarious liability claims against Abeo and Blain. Appellants filed a motion to dismiss, which the trial court granted on August 24, 2020.

On September 2, 2020, Anesthesiology Associates and Richter filed their first amended motion for summary judgment. Appellants filed their response. The trial court held a hearing on October 23, 2020. It granted both the traditional and no-evidence motions for summary judgment in favor of appellees on all of appellants' claims. This appeal followed.

**Standard of Review**

We review a summary judgment de novo. *Trial v. Dragon*, 593 S.W.3d 313, 316 (Tex. 2019); *Gore v. Smith*, No. 05-19-00156-CV, 2020 WL 4435312, at *2 (Tex. App.—Dallas Aug. 3, 2020, pet. denied) (mem. op.). A traditional motion for summary judgment requires the moving party to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). If the movant carries this burden, the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *Lujan*, 555 S.W.3d at 84. We take evidence favorable to the nonmovant as true, and we indulge every reasonable

inference and resolve every doubt in the nonmovant's favor. *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 131 (Tex. 2019).

Under rule 166a(i), a party may move for a no-evidence summary judgment on the ground that there is no evidence of one or more essential elements of a claim or no evidence of a defense on which an adverse party has the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i). The trial court may grant a no-evidence motion for summary judgment unless the nonmovant brings forth more than a scintilla of evidence to raise a genuine issue of material fact on the elements challenged by the motion. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Id.* at 601. If the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence. *Id.* When determining whether the nonmovant has produced more than a scintilla of evidence, we view the evidence in the light most favorable to the nonmovant and disregard all contrary evidence and inferences. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003).

**Traditional Motion for Summary Judgment on Negligence Causes of Action**

Appellants argue the trial court erred by concluding Richter had no duty to exercise reasonable care to avoid distracting Blain once he realized she was driving.

Appellees contend they did not owe or breach any cognizable legal duty, and appellants are seeking to create a legal duty that does not extend to cellphone users.

Negligence requires a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach. *See Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). A duty is a legal obligation that requires a defendant to conform to a certain standard of conduct. *See Midwest Emp'rs Cas. Co. v. Harpole*, 293 S.W.3d 770, 776 (Tex. App.—San Antonio 2009, no pet.). The existence of a legal duty is a question of law. *Escoto*, 288 S.W.3d at 404. Appellees contend the trial court properly found that a remote cellphone caller owes no duty to the general public to control the conduct of the call recipient as a matter of law. We agree.

Appellants rely on several cases to support the recognized legal duty that a person must exercise reasonable care to avoid distracting a driver while operating a vehicle. *See Choctaw Nation of Okla. v. Sewell*, No. 05-16-01011-CV, 2018 WL 2410550 (Tex. App.—Dallas May 29, 2018, pet. dism'd) (mem. op.); *Escamilla v. Garcia*, 653 S.W.2d 58 (Tex. App.—San Antonio 1983, writ ref'd n.r.e.); *Adams v. Morris*, 584 S.W.2d 712, 716 (Tex. Civ. App.—Tyler 1979, no writ). We agree these cases stand for the general proposition that a passenger has a duty to refrain from affirmatively interfering with the driver's operation of a vehicle. *See, e.g.*, *Sewell*, 2018 WL 2410550, at *3–4 (concluding passenger had duty not to substantially interfere with bus driver's operation of bus and evidence supported

–7–

jury's verdict that passenger actively participated in bus driver's negligence by distracting him thereby causing accident). The critical fact in these cases that is distinctly missing from the facts at hand is a *passenger* in close proximity distracting the driver. Here, the alleged distraction came from Richter's phone call, which originated miles away in another state. Appellants have provided no Texas authority recognizing such an expansive duty. Until the Texas Supreme Court or the legislature indicates such a duty exists, we refuse to create one having such far-reaching implications for essentially all cellphone users anywhere in the world.

In reaching this conclusion, we reject appellants' reliance on *Ryder Integrated Logistics, Inc. v. Fayette County*, 453 S.W.3d 922 (Tex. 2015), in which a party sued the county for negligence under the Texas Tort Claims Act. In that case, the accident causing the individual's injuries occurred during the course of a routine traffic stop of an eighteen-wheeler on the interstate. *Id*. at 926. After initiating the stop, the officer repositioned his police cruiser, and when he turned and faced oncoming traffic, the cruiser's headlights and high-beam spotlight blinded and distracted another driver causing the collision. *Id*. at 928–29. Because the supreme court refused the county's request to hold the officer's actions non-negligent as a matter of law, appellants contend the holding confirms "this duty is not limited to those in the same vehicle as the driver." We disagree. The officer was still in near proximity to the driver who caused the accident despite not being directly in that vehicle. *Id*.

Accordingly, we do not read *Ryder* so broadly as to create a duty for a remote cellphone user under the facts presented here.

Because appellees established that no genuine issue of material fact existed regarding any legal duty owed and that they were entitled to judgment as a matter of law, the trial court properly granted traditional summary judgment against appellants on their negligence claims. *See* TEX. R. CIV. P. 166a(c); *see also Lujan*, 555 S.W.3d at 84. Further, one's conduct cannot be grossly negligent without being negligent. *See First Assembly of God, Inc. v. Tex. Util. Elec. Co.*, 52 S.W.3d 482, 494 (Tex. App.—Dallas July 31, 2001, no pet.). Therefore, the trial court also properly granted summary judgment on appellants' gross negligence claim.

## Vice-Principal Liability

Appellants argue the trial court erred by concluding, as a matter of law, that Blain was not a vice-principal of Anesthesiology Associates. Because genuine issues of material fact exist, they contend summary judgment was improper.

It is well-established that corporations "can act only through human agents." *In re Merrill Lynch Trust Co. FSB*, 235 S.W.3d 185, 188 (Tex. 2007). The supreme court has explained that a vice-principal includes four classes of human agents. *See Bennett v. Reynolds*, 315 S.W.3d 867, 884 (Tex. 2010) (citing *Chrysler Ins. Co. v. Greenspoint Dodge of Houston, Inc.*, 297 S.W.3d 248, 250 n.1 (Tex. 2009)). Relevant to this appeal is the fourth class: "those to whom a master has confided the management of the whole or a department or division of his business." *Id.*

Appellants assert Blain was entrusted with "the management of the whole or department of a division" of Anesthesiology Associates "by virtue of both the contract under which she was employed, and the actual authority she was granted." As explained below, we disagree.

The "contract under which she was employed" is not part of the summary judgment record. Therefore, there is no contractual evidence of Abeo or Anesthesiology Associates entrusting her with "the management of the whole or department of a division" and creating any vice-principal status.

Instead, appellants rely on section 3.1 of the Agreement, which provided that "CLIENT hereby appoints Abeo as its sole and exclusive manager and administrator of all day-to-day business functions in the operation of its medical practice." It further stated that Abeo was "expressly authorized to perform its services under this Agreement in whatever manner it deems reasonably appropriate to meet the day-to-day requirements of CLIENT'S medical practice operations." However, this Agreement is not Blain's employment contract. Further, she is not mentioned anywhere in the Agreement, and she is not a signatory to it. Rather, these provisions were part of the employment agreement between Anesthesiology Associates and Abeo. Thus, appellants failed to produce any contractual evidence that Blain was a vice-principal of Anesthesiology Associates.

Additionally, appellants failed to present evidence raising a genuine issue of material fact regarding Blain's alleged vice-principal status based on her "personal

authority." Although Richter testified that Blain was a "liaison" between Abeo and Anesthesiology Associates, Lea Bauscher was the Abeo employee stationed at the Kentucky office who handled day-to-day activities. Further, Richter recognized they "hired *Abeo Management* to do a lot of the stuff that [Blain] was doing previously with us." (emphasis added.) None of Richter's testimony indicated Anesthesiology Associates gave Blain vice-principal authority.

Appellants further rely on testimony from Blain's deposition to prove her vice-principal authority. We have reviewed the testimony and conclude her answers did not create a genuine issue of material fact.

In reaching this conclusion, we are unpersuaded by the three cases from this Court that appellants cite supporting vice-principal status. *See Kroger Tex. Ltd. P'ship v. Suberu*, 113 S.W.3d 588, 602 (Tex. App.—Dallas 2003), *rev'd on other grounds*, 216 S.W.3d 788 (Tex. 2006) (affirming jury's deemed jury finding that manager was vice-principal when manager repeatedly identified himself as the "assistant manager," "the manager," and "the boss"); *Then West, Inc./Bait House, Inc. v. Sorrells*, No. 05-01-01874-CV, 2002 WL 1397477, at *6 (Tex. App.—Dallas June 28, 2002, no pet.) (concluding bar-restaurant employee was vice-principal based on judicial admission he was the "acting manager" and verbally encouraged and accelerated an altercation that occurred at the bar-restaurant); *Treasure City v. Strange*, 620 S.W.2d 811, 814 (Tex. App.—Dallas 1981, no writ) (concluding store employee was vice-principal because evidence showed the employee was given

–11–

wide discretion under the store's directive of implementing and directing). In each of these cases, there was an employer-employee relationship, a fact missing in this case as Blain was not Anesthesiology Associates' employee but rather Abeo's employee. Further, in each case, there was evidence in which the employee was in charge, or the boss, or an acting manager. Appellants failed to bring forth any evidence regarding Blain's role. The trial court properly concluded, as a matter of law, that Blain was not a person "to whom the master has confided the management of the whole or a department or a division of the business" rendering her a vice-principal; therefore, summary judgment was proper.

Because appellants' argument for applying an exemplary damages cap exception is premised on their vice-principal claim, we likewise conclude this argument must fail. As such, the trial court did not err in granting summary judgment regarding application of any statutory exceptions to the exemplary damages cap. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.008(c) (discussing causes of action to which damages cap does not apply).

## Agency

Appellants next contend that the trial court erred by granting summary judgment on their agency cause of action. Appellees rely on both the Agreement and the lack of any actual authority or control to support the trial court's ruling that Blain was not acting as an agent of Anesthesiology Associates or Richter.

Beginning with the Agreement, section 11.16.1 (Contractual Relationship) stated that Anesthesiology Associates and Abeo are "independent contractors" and "[n]othing in this Agreement shall be construed to create between the parties a relationship of principal and agent." However, section 2.2, which is part of the section discussing "Billing Services of Abeo," provides that Abeo is "appointed as the agent of [Anesthesiology Associates] solely for the express purposes of this Agreement, including but not limited to billing and receiving payments and mail, receiving and storing documents, and communicating with hospitals to facilitate these duties." Included in the express purposes of the Agreement was Abeo's authority to manage and administer the day-to-day business functions of Anesthesiology Associates' medical practice.

Harmonizing these contractual provisions, as we must, the Agreement created at most a limited agency relationship as it related to the day-to-day business functions between Abeo and Anesthesiology Associates. As discussed above under vice-principal liability, appellants failed to produce any evidence that Abeo, through Blain, was engaged in any day-to-day business activities on behalf of Anesthesiology Associates when the accident occurred. Instead, the record indicated Blain was driving to Oklahoma for purposes of another Abeo client. Thus, any limited agency relationship created by the Agreement between Abeo and Anesthesiology Associates did not extend to establish that appellees were liable for the underlying accident and injuries.

We likewise reject appellants' assertion that Blain was an agent of Anesthesiology Associates based on any actual authority or control. An agent is a person who is authorized by another to transact business or manage some affair by that person's authority. *See Crooks v. M1 Real Estate Partners, Ltd*., 238 S.W.3d 474, 483 (Tex. App.—Dallas 2007, pet. denied). An agency relationship is created when the principal (1) intentionally confers authority on the agent; (2) intentionally allows the agent to believe it has authority; or (3) allows an agent to believe it has authority to act by lack of due care. *Id*. There is no evidence in the record that Anesthesiology Associates directly conferred any authority on Blain to act on its behalf. In fact, the record indicates that Abeo, per the Agreement, retained control and the authority to perform its services "in whatever manner it deems reasonably appropriate to meet the day-to-day requirements" of Anesthesiology Associates' needs. Moreover, there is no evidence that Richter or Anesthesiology Associates had any control over Blain's operation of her vehicle or use of her cellphone.

To the extent appellants argue a genuine issue of material fact exists based on Richter's testimony that it was Blain's job to manage their business affairs, appellants produced no evidence linking the conversation between Blain and Richter to any day-to-day business affairs of Anesthesiology Associates at the time of the accident. Similarly, for reasons previously explained, we reject appellants' claim that Anesthesiology Associates or Richter may be held vicariously liable because they authorized Blain's conduct when Richter continued talking to her on the phone

after he became aware she was driving.  Under the facts of this case, such a duty did not exist.  Having considered appellants' arguments, we conclude the trial court did not err by granting summary judgment on appellants' agency theory of liability.

**Joint Enterprise**

Appellants contend the court erred by granting summary judgment on joint enterprise because appellees failed to address the cause of action in their first amended motion for summary judgment.  Appellees respond summary judgment was appropriate because they challenged appellants' civil conspiracy and vice-principal liability causes of action, which share common elements with joint enterprise.  We cannot agree.

It is well-established a court cannot grant summary judgment on grounds that were not presented in the motion for summary judgment.  *See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 204 (Tex. 2002); *Mr. W Fireworks, Inc. v. 731 Props.*, No. 07-21-00029-CV, 2022 WL 1462400, at *7 (Tex. App.—Amarillo May 9, 2022, no pet.) (mem. op.) (concluding summary judgment inappropriate when undisputed facts established defendants' motion did not challenge quasi-estoppel claims).  Therefore, if a summary judgment grants more relief than requested, it should be reversed and remanded.  *See Santander Consumer USA, Inc. v. Palisades Collection, LLC*, 447 S.W.3d 902, 910 (Tex. App.—Dallas 2014, pet. denied).

Rule 166a(c) explicitly states that the motion "shall state the specific grounds therefore."  TEX. R. CIV. P. 166a(c); *see Douglas v. Hardy*, 600 S.W.3d 358, 374

(Tex. App.—Tyler 2019, no pet.) (recognizing burden does not shift to nonmovant to raise a genuine issue of material fact if movant fails to meet its initial burden establishing right to summary judgment). Rule 166a(i) allows a movant to move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense and requires that the motion state the elements as to which there is no evidence. TEX. R. CIV. P. 166(a)(i). Appellees did neither regarding appellants' joint enterprise cause of action, and a motion for summary judgment must "stand or fall on the grounds expressly presented in the motion." *Furmanite Worldwide, Inc. v. NextCorp., Ltd.*, 339 S.W.3d 326, 335 (Tex. App.—Dallas 2011, no pet.) (quoting *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993)).

Because appellees' motion did not challenge joint enterprise, a ground of recovery pleaded by appellants, we reverse that portion of the judgment and remand for further proceedings. *See Mr. W. Fireworks*, 2022 WL 1462400, at *7.

**Aiding, Abetting, and Participatory Liability Claims**

Appellants argue that the trial court erred by granting summary judgment on their aiding, abetting, and participatory liability claims based on "assisting and encouraging." Appellees respond such claims do not exist in Texas, or alternatively, appellants failed to present more than a scintilla of evidence of wrongful intent.

The Texas Supreme Court has not expressly decided whether a cause of action for aiding and abetting exists. *See Parker*, 514 S.W.3d at 224. This Court has relied

–16–

on *Parker* and Fifth Circuit authority in refusing to recognize such claims. *See Ahmed v. Bank of Whittier, N.A.*, No. 05-21-00058-CV, 2022 WL 1401432, at *6 (Tex. App.—Dallas May 4, 2022, no pet.) (mem. op.); *Hill v. Keliher*, No. 05-20-00644-CV, 2022 WL 213978, at *10 (Tex. App.—Dallas Jan. 25, 2022, pet. denied); *see also In re DePuy Orthopaedics, Inc.*, 888 F.3d 753, 782 (5th Cir. 2018) ("no such claim exists in Texas"). Moreover, we have explained that to the extent such a claim may exist, it is a dependent or derivative claim "premised on" the underlying tort. *See West Fork Advisors, LLC v. SunGard Consulting Servs., LLC*, 437 S.W.3d 917, 921 (Tex. App.—Dallas 2014, pet. denied). We have concluded appellants' negligence causes of action fail. Thus, to the extent an aiding and abetting cause of action exists, appellants failure to establish independent tort liability against appellees is fatal to their claim, and the trial court properly granted summary judgment. *See id*.

Similarly, it is an "open question" whether a tort exists in Texas for "assisting and encouraging." *See Mem'l Hermann Health Sys. v. Khalil*, No. 01-16-00512-CV, 2017 WL 3389645, at *14 (Tex. App.—Houston [1st Dist.] Aug. 8, 2017, pet. denied) (mem. op. on reh'g) (citing *Juhl v. Airington*, 936 S.W.2d 640, 643 (Tex. 1996)). The supreme court, however, has indicated that the theory is meant to deter antisocial or dangerous behavior such as group assault and drag racing. *Id*. Even assuming this is a viable cause of action, the *Juhl* requirement that the activity be

"highly dangerous, deviant, or an anti-social group activity" is not satisfied under the facts of this case; therefore, summary judgment was appropriate.

## Conclusion

We reverse the trial court's judgment as to appellants' joint enterprise cause of action and remand for further proceedings. In all other respects, we affirm the trial court's judgment.

/Craig Smith/
CRAIG SMITH
JUSTICE

201024F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

BENNIE GAMBLE, SR., RASIKA
WALTON, EACH INDIVIDUALLY
AND ON BEHALF OF THE
ESTATE OF BENNIE GAMBLE,
JR., AND ASHLEY PETTAY AS
NEXT FRIEND OF MINOR, N.M.,
Appellants

No. 05-20-01024-CV          V.

ANESTHESIOLOGY
ASSOCIATES, P.S.C., AND
KENNETH M. RICHTER, M.D.,
Appellees

On Appeal from the County Court at
Law No. 5, Dallas County, Texas
Trial Court Cause No. CC-18-01764-
E.
Opinion delivered by Justice Smith.
Justices Schenck and Osborne
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment granting summary judgment on appellants' joint enterprise cause of action. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered July 21, 2022.