**Faye S. FERGUSON, Appellant,**

**v.**

**James Walter FOUNTAIN et al., Appellees.**

**No. 7886.**

Court of Civil Appeals of Texas.

Amarillo.

Nov. 25, 1968.

Rehearing Denied Dec. 23, 1968.

A. W. Salyars, Lubbock, for appellant.

Crenshaw, Dupree & Milam, and Max C. Addison, Lubbock, for appellees.

**324**

DENTON, Chief Justice.

This is a suit by Faye S. Ferguson against James Walter Fountain, a minor, and W. J. Fountain for personal injuries sustained as a result of an automobile collision. The trial court entered judgment for the defendants on the jury verdict. All of appellant's points of error relate to jury misconduct.

This suit involves alleged personal injuries sustained by the plaintiff in an automobile collision in the City of Lubbock when her stopped vehicle was struck from the rear by a vehicle being driven by James Walter Fountain and owned by W. J. Fountain. In response to the special issues submitted, the jury found: (1A) the defendant failed to keep a proper lookout; (1B) that such failure was not a proximate cause; (2A) the defendant was not driving at an excessive speed; (3A) the defendant failed to turn his vehicle in time to avoid the collision; (3B) that such failure was not negligence; (4A) that the defendant was not following too closely behind plaintiff's vehicle; (5) that the defendant was confronted with a sudden emergency; (6) that the defendant did what an ordinary, prudent person would have done under the same or similar circumstances; and awarded plaintiff $6,476.62 total damages.

■ Whether or not jury misconduct occurred is a question of fact, but whether or not injury probably resulted therefrom is a question of law to be determined by the appellate court. City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259; Texas Employers Insurance Association v. Waldon (Tex.Civ.App.) 392 S.W.2d 509 (Ref. N.R.E.); Western Cottonoil Company v. Arnold (Tex.Civ.App.) 279 S.W.2d 374.

A hearing on the plaintiff's motion to set aside the jury verdict and grant a new trial was had before the court. Three jurors testified at the hearing. While the testimony of the three jurors was not identical in the manner in which they expressed themselves, they uniformly testified the first two special issues, relating to the defendant's lookout and proximate cause were not answered until the remaining issues, including damages, were answered. Upon returning to the consideration of these first two issues, all three jurors testified the foreman informed the jury, as one juror stated it: "That every man was innocent until proven guilty beyond a shadow of a doubt". All agreed the foreman made this statement at least two times and perhaps more. Each of the three jurors also stated the foreman informed them it was immaterial how they answered the negligence issues as the plaintiff would receive the amount of damages the jury had already assessed. This statement was made on one occasion in response to a statement of Juror Kutch: "Why should we continue to waste time if we are going to find the defendant * * * there was no negligence on the part of the defendant. At which time I was assured by the foreman of the jury that this made no difference as to what damages would be awarded." After this statement by the foreman, the jury proceeded to answer the proximate cause issue in the negative.

We are of the opinion the statement by the jury foreman that it was immaterial how the negligence issues were answered as the plaintiff would recover the amount of damages the jury had assessed, constituted misconduct. Numerous cases have held this character of overt act constituted jury misconduct. Trousdale v. Texas & New Orleans Railroad Company, 154 Tex. 231, 276 S.W.2d 242; Thompson v. Copeland (Tex.Civ.App.) 289 S.W.2d 312 (Ref. N.R.E.); Pryor v. New St. Anthony Hotel Company (Tex.Civ.App.) 146 S.W.2d 428 (Writ Ref.); Kimble v. Younger Brothers (Tex.Civ.App.) 283 S.W.2d 254 (Ref. N.R.E.); Barclay v. Montgomery-Ward & Company (Tex.Civ.App.) 269 S.W.2d 445 (Ref.N.R.E.); Heflin v. Fort Worth & D. C. Ry. Co. (Tex.Civ.App.) 207 S.W.2d 114 (Ref.N.R.E.).

■ The foreman's statement relating to the materiality of certain jury findings was

made after the damage issues had been answered. The proximate cause issue referred to had not been answered after two lengthy discussions. The jury had "passed over" the issues because of their inability to agree, and had come to it again only after answering the other issues. The three jurors who testified all agreed the foreman made the statement at least two times and that the statement led them to agree to vote as they did on the negligence and proximate cause issues. We think these acts of misconduct caused probable harm to the plaintiff. Although it is not in itself persuasive, a statement by Juror Simpson: "It was the desire of the jury * * * I don't believe there was anyone who wanted to do otherwise * * * to award Mrs. Ferguson something", strengthens the conclusion the jurors were influenced in their vote by the statements of the foreman.

It is also uncontradicted the foreman informed the jury a person "is innocent until found guilty beyond a reasonable doubt", as stated by one juror; or "beyond a shadow of a doubt", as stated by another during a discussion of the negligence issues. As one juror stated in his affidavit: "Most of the jury voted the way they did because they didn't want 'to make a criminal of the defendant'". The above erroneous statement, clearly contrary to the court's instructions, was an overt act of jury misconduct. Another juror told of her personal experience when she "mentioned that her brakes had failed before and she could understand how this could have happened to the boy". The accumulative effect of the acts of misconduct call for a reversal and require that the verdict be set aside. Parris v. Jackson (Tex.Civ.App.) 338 S.W.2d 280; Gonzalez v. Broussard (Tex.Civ.App.) 274 S.W.2d 737 (Ref.N.R.E.); Scoggins v. Curtiss & Taylor, 148 Tex. 15, 219 S.W.2d 451.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

Reversed and remanded.