James Walter **FOUNTAIN**, Petitioner,

v.

Faye S. **FERGUSON**, Respondent.

No. B–1349.

Supreme Court of Texas.

May 21, 1969.

Rehearing Denied June 18, 1969.

Crenshaw, Dupree & Milam, Cecil Kuhne and Max Addison, Lubbock, for petitioner.

A. W. Salyars, Lubbock, for respondent.

POPE, Justice.

This appeal presents questions concerning jury misconduct. Faye S. Ferguson sued James Walter Fountain, a minor, and his father for personal injuries which she sustained when James Walter Fountain drove a vehicle into the rear of her vehicle. Fountain's defense was that he was confronted by an emergency when the brakes on his vehicle suddenly and unexpectedly failed. The trial court sustained a motion for instructed verdict for the defendant father, and rendered a judgment on a jury verdict that plaintiff take nothing as to James Walter Fountain. Plaintiff moved for a new trial grounded upon jury misconduct, but the trial court overruled her motion. She then appealed to the court of civil appeals without bringing forward a statement of facts. That court reversed the trial court judgment because of the jury misconduct about which plaintiff complained. 437 S.W.2d 323. We reverse the judgment of the court of civil appeals, because the plaintiff did not sustain her burden to prove material misconduct which, from the record as a whole, probably resulted in harm. Rule 327, Texas Rules of Civil Procedure.

The answers to the special issues show the jury (1) found James Walter Fountain failed to keep a proper lookout, (2) refused to find that the failure to keep a proper lookout was a proximate cause of the collision, (3) refused to find that Fountain was driving at an excessive rate of speed, (4) found Fountain failed to turn his vehicle to avoid the collision, (5) but such failure was not negligence, (6) refused to find that Fountain drove his vehicle too closely behind the vehicle in which plaintiff was riding, (7) found that, on the occasion in question, Fountain was confronted by a sudden emergency, (8) and he did what an ordinary prudent person would have done under the same or similar circumstances. The jury further found that plaintiff sustained damages in the sum of $6,476.62.

Plaintiff filed a motion for new trial in which she complained of jury misconduct. At the misconduct hearing, plaintiff presented three jurors who testified about three forms of jury misconduct. There was evidence that the foreman, on two occasions, said that every man was innocent until proved guilty beyond a shadow of a doubt, and that he also told other jurors that the answers to the first two issues, stated above, were immaterial in view of the answers to the damage issues. Another juror made the statement that she once had the experience of her brakes failing and that she could understand how it could have happened to Fountain.

■ The one complaining about jury misconduct has the burden to prove the overt act of misconduct, that it was material misconduct, and "from the record as a whole that injury probably resulted." Rule 327, T.R.C.P.; Crawford v. Detering Co., 150 Tex. 140, 237 S.W.2d 615 (1951); White Cabs v. Moore, 146 Tex. 101, 203 S.W.2d 200 (1947). In our opinion plaintiff did not discharge its burden to prove probable harm.

■ The trial court's order overruling the motion for new trial impliedly found that misconduct did not occur, since it contained no express finding of misconduct. Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770 (Com.App.1932); St. Louis, B. & M. R. Co. v. Cole, 14 S.W.2d 1024, reh. den. 16 S.W.2d 534 (Com.App. 1924). Plaintiff, however, says that findings of misconduct, whether express or implied, are not binding on the reviewing courts when all of the uncontroverted evidence is that the misconduct occurred. State v. Wair, 163 Tex. 69, 351 S.W.2d 878 (1961); Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462 (1943). The court of civil appeals sustained plaintiff's contention that the uncontradicted evidence showed the fact of misconduct. That court did not discuss the materiality of the misconduct or its probable harm, but concluded that harm resulted.

The point in time during jury deliberations at which misconduct occurs is an important factor in determining the probability of injury. Baird's Bread Co. v. Hearn, 157 Tex. 159, 300 S.W.2d 646 (1957); City of Houston v. Quiñones, 142 Tex. 282, 177 S.W.2d 259 (1944). As stated by the court of civil appeals, and as revealed by the undisputed evidence taken during the misconduct hearing, the alleged misconduct occurred after the jurors had answered all but the first two issues. The jurors testified that they began answering the special issues, but passed over the first two concerning lookout and then answered all of the rest of them in sequence. The jurors then returned to a consideration of the lookout issues after they answered issues exonerating Fountain on the other alleged acts of negligence and after finding he had acted in a sudden emergency as an ordinary prudent person would have acted. When the jurors were reconsidering and again discussing the lookout issues, the alleged acts of misconduct occurred. The jurors then found that Fountain failed to keep a proper lookout, but refused to find that his failure to keep a proper lookout was a proximate cause of the collision. Plaintiff says the misconduct probably caused the jurors to answer the proximate cause issue adversely to her. She says a favorable answer would have created a conflict between the lookout findings and the emergency findings.

It is not necessary for us to determine whether a conflict in findings would exist as plaintiff contends, since plaintiff failed to prove that misconduct of the jury probably caused the adverse answer to the proximate cause issue. The record which plaintiff has brought forward consists only of the transcript and the record of the testimony developed at the misconduct hearing. The statement of facts on the main trial is not before us. Rule 327 expressly fixes the burden upon the one complaining of misconduct to prove that "it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted. · * * *" Ross v. Texas Employers' Ins. Ass'n, 153 Tex. 276, 267 S.W.2d 541 (1954); Calvert, The Development of the Doctrine of Harmless Error in Texas, 31. Tex.L.Rev. 1 (1952).

The term "record as a whole" has been broadly construed to include "any and all parts of the record which may throw light on the question of injury." Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462 (1943); Cole v. Waite, 151 Tex. 175, 246 S.W.2d 849 (1952); Akers v. Epperson, 141 Tex. 189, 171 S.W.2d 483, 156 A.L.R. 1028 (1943). The term includes matters disclosed by the evidence heard on the main trial as well as the motion for new trial. Motley v. Mielsch, 145 Tex. 557, 200 S.W.2d 622 (1947).; Prudential Fire Ins. Co. v. United Gas Corporation, 145 Tex. 257, 199 S.W.2d 767 (1946). A consideration of the state of the evidence on the main trial has been sustained as a basis for treating jury misconduct as immaterial. Western Textile Products Co. of Texas v. Sidran, 153 Tex. 21, 262 S.W.2d 942 (1953). The effect of misconduct by one juror has been weighed against the evidence heard during the main trial in arriving at the conclusion that jury misconduct was harmless. Tudor v. Tudor, Tex.Civ.App., 311 S.W.2d 733, error ref. 158 Tex. 559, 314 S.W.2d 793.

The extent to which this court has gone in passing upon the law question of probable injury is even more fully illustrated by our comments about probable injury under Rules 434 and 503 in Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W. 596 (1953) and enlarged upon in Lumbermen's Lloyds v. Loper, 153 Tex. 404, 269 S.W.2d 367 (1954). In the latter case we said:

"* * * The 'whole record' clearly includes the statement of facts, and there is small point in looking to the latter, if we are to ignore the most essential thing which it discloses, to wit, the state of the evidence. If the evidence is such that we believe the jury would in all probability have rendered the same verdict that was

rendered here, whatever the argument of the defendant's counsel or lack of it, how can we logically say that the argument probably caused the rendition of an improper judgment based on that verdict? It is true that the rule in question cannot in every type of case be given the broad application which its words literally invoke. For example, in a case of an incorrect submission to the jury, we could hardly by-pass the error by making, in a sense, a decision on the weight of the evidence. Even in improper argument cases, we should doubtless consider the state of the evidence with much caution. But, with some slight apology to consistency, we think that in argument cases we may properly reason, as we do in this case, that since the evidence so preponderated in favor of the finding that the alleged accident did not occur, and since the worst of the offending argument had no direct reference to that specific matter, the argument probably did not cause the verdict and judgment to be as they were."

In evaluating probable harm, this court has held that the preponderance of the evidence may be considered. Houseman v. Decuir, 155 Tex. 127, 283 S.W.2d 732 (1955). When the state of the evidence from the record as a whole showed that the facts overwhelmingly favored the appellee, misconduct was held harmless. Walker v. Texas Employers' Ins. Ass'n, 155 Tex. 617, 291 S.W.2d 298 (1956). The rule was announced in City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860 (1952) that only such portions of a statement of facts as can have no bearing on harm, should be omitted by one who has the burden to establish harm. The complaint in that case was that the injection of insurance into a personal injury suit injured the plaintiff.

We conclude that the plaintiff in failing to bring forward the statement of facts failed to prove that the misconduct of the jury rather than the state of evidence probably caused the jury to answer the special issue adversely to plaintiff. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.