**Phillip INGALLS, Appellant,**

v.

**Gary O. RICE et ux., Appellees.**

**No. 1009.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

June 5, 1974.

Edward Wheeler, Felton & Montgomery, Pasadena, for appellant.

J. P. Madole, Jr., Pasadena, for appellees.

CURTISS BROWN, Justice.

This is a suit to recover damages for fraud in a real estate transaction.

Gary O. Rice and his wife, Charlotte, appellees, brought this suit against Phillip Ingalls, appellant, alleging that Ingalls had, through an agent, misrepresented title to real property he sold to the Rices. Trial was to the court, and judgment was entered for appellees.

In October 1971, Robert Elsworth Hood, Jr., and his wife owned the property in question. The Hoods were unable to make the necessary payments and were in danger of losing the property through foreclosure of the note and deed of trust they had executed to secure their financing. Ingalls learned of their situation and entered an oral agreement with them to avoid foreclosure and preserve their credit record. Ingalls gave the Hoods $250 with which to relocate. He agreed to make their back payments and make future payments until he could sell the house. They executed a general warranty deed as grantors, leaving the grantee blank. Ingalls was to keep whatever he could get for the equity in the house. He made the payments as agreed and spent additional money renovating the house for sale.

Ingalls is a licensed real estate broker, but rather than sell the house himself, he decided to use the real estate brokerage firm owned by his wife. Through a multiple listing arrangement, the property was listed with Irby White, owner of the Bayshore Realty Company. White sold the home to the Rices and received a commission. In handling the transaction, White discussed with the Rices the desirability of purchasing title insurance or having an attorney examine the title. He told them that Mrs. Ingalls had personally checked the deed records and could find no liens other than the purchase money first lien which the Rices were planning to assume. Relying on this representation, the Rices decided not to purchase title insurance or have a title examination. There was, in fact, a perfected mechanics' and materialmen's lien on the property at the time of sale.

Fraud in a real estate transaction is defined in Tex. Bus. & Comm. Code Ann. § 27.01, V.T.C.A. (1968) in part as a false representation of a past or existing material fact made to a person to induce the person to enter a contract and relied on by the person in entering the contract. Under

section 27.01(b) a person who makes a false representation and a person who benefits from it are jointly and severally liable.

 It is undisputed that Ingalls never had personal contact with the Rices and that the statements were made by Irby White. A real estate agent is a special, rather than a general, agent, and, as such, has no power to bind his principal, the owner, by his representations as to the property. Loma Vista Development Co. v. Johnson, 142 Tex. 686, 180 S.W.2d 922, 924 (1944). Therefore, Irby White could not have bound Phillip Ingalls by his representations as to title. However, under the provisions of section 27.01(b), the trial court found that Ingalls did *benefit* from false representations made by White. The testimony of both Mr. and Mrs. Rice is sufficient to support a fact finding that Irby White made the false representation that there were no liens on the property other than the first lien. We presume such a finding in support of the judgment. Texas Rules of Civil Procedure 299.

 Appellant complains that the Rices failed to make proper proof of their damages. Section 27.01(b) provides the measure of actual damages for real estate fraud as "the difference between the value of the real estate . . . as represented or promised, and its actual value in the condition in which it is delivered at the time of the contract." The only proof offered was the amount the Rices paid for the equity and the amount needed to pay off the second lien. Under the circumstances, this latter fact was the only one necessary. The value of the property was irrelevant, because the value was diminished by the exact amount of the lien which the Rices had to pay to get the title for which they bargained. Thomas v. Ellison, 102 Tex. 354, 116 S.W. 1141 (1909); Carruth v. Allen, 368 S.W.2d 672, 680 (Tex.Civ.App.-Austin 1963, no writ).

Affirmed.