**Robert Stokes DANIEL, III, Appellant,**

v.

**Sarah R. WEINER, Appellee.**

No. 6907.

Court of Civil Appeals of Texas, El Paso.

Aug. 6, 1980.

Rehearing Denied Sept. 3, 1980.

Calhoun, Morton, Deason & Preslar, Cliff Preslar, El Paso, for appellant.

Scott, Hulse, Marshall & Feuille, Schuyler B. Marshall, George W. Finger, El Paso, Thomas R. Beech, Houston, for appellee.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This appeal is from the trial Court's order overruling Appellant's motion for a new trial based on jury misconduct. We affirm the judgment of the trial Court.

In this case, a deposition was inadvertently taken into the jury room in contravention

of Rule 281, Tex.R.Civ.P. That rule, which provides that the jury may take with them in their retirement for deliberation certain items, specifically excepts depositions of witnesses. In this case, it is clear that the deposition was in the jury room for the entire deliberations, and portions of it were read aloud.

 Rule 327, Tex.R.Civ.P., governs the requirements for a new trial based on jury misconduct. One complaining of jury misconduct under this rule has the burden to prove (1) the overt act of misconduct, and (2) that it was material misconduct, and from the record as a whole that injury probably resulted. *Fountain v. Ferguson* 441 S.W.2d 506 (Tex.1969). That the first requirement is met is not questioned. The misconduct did occur, but we are unable to answer the second question as to whether injury probably resulted because there is no statement of facts of the trial of the case; only the statement of facts for the motion for new trial is before us and it does not satisfy Rule 327 which, in part, provides:

> [A]nd if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party.

Without the evidence presented on the trial of the case, we are unable to comply with the rule and make our determination from the record as a whole. Whether injury probably resulted is a question of law. *City of Houston v. Quinones*, 142 Tex. 282, 177 S.W.2d 259 (1944). But, without a statement of facts, we cannot evaluate the evidence favorably or unfavorably to the respective parties. It is the burden of an appealing party claiming reversible error to bring forward a record sufficiently complete to demonstrate that the error probably resulted in a materially unfair trial.

Misconduct is material only when it is reasonably calculated to prejudice the rights of the complainant. In this case, Appellant contends his rights were prejudiced because of the undue emphasis put on the deposition testimony by its being reread in the jury room. If Appellant offered the deposition in evidence, he is in no position to complain of this undue emphasis of his own evidence. *Fenn v. Boxwell*, 312 S.W.2d 536 (Tex.Civ.App.–Amarillo 1958, writ ref'd n.r.e.); *Porras v. Hillin*, 448 S.W.2d 532 (Tex.Civ.App.–El Paso 1969, writ ref'd n.r. e.). Again, an incomplete record does not tell us what portion of the deposition Appellant offered in evidence. We are simply told that "certain portions" of the deposition were offered by Appellant.

The judgment of the trial Court is affirmed.