GEORGE D. THOMAS BUILDER INC.
and E.G. Cardon d/b/a Future
Company Realtors, Appellants,

v.

Frederick S. TIMMONS, Sr. and Camille
Timmons, Appellees.

No. 08-81-00278-CV.

Court of Appeals of Texas,
El Paso.

Aug. 3, 1983.

Rehearing Denied Aug. 31, 1983.

J. Morgan Broaddus, E.K. Peticolas, Peticolas, Luscombe & Stephens, James T. Allen, Johnson, Allen & Serwatka, P.C., El Paso, for appellants.

Stanley W. Rosen, Stewart W. Forbes, El Paso, for appellees.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

WARD, Justice.

This is primarily a deceptive trade practice case. Frederick S. Timmons and Camille M. Timmons brought suit against the homebuilder George D. Thomas Builder, Inc., and the real estate agent E.G. "Bob" Cardon for a misrepresentation made of the square footage in a house that they purchased. After a jury verdict favorable to the Plaintiffs on all issues, judgment was entered for the Plaintiffs for their trebled damages and attorney's fees. The two Defendants appeal, and as reformed we affirm.

In March, 1976, the Timmons purchased the house in question through the real estate agent Cardon. The price of the house was $30,000.00, and the Plaintiffs claim that the agent represented to them that the home had 1,420 square feet of improved living space. They further claim and testified that they relied on the representation made by the agent and agreed to the purchase because of the representation. Later, in July, 1977, in the process of selling the house, the FHA determined that the home had less than the represented improved square feet of living space. Upon investigation, it was determined that the improved living space was 1,286 square feet, and it was the Plaintiffs' contention that the property value was significantly lowered.

Suit was brought pursuant to the Deceptive Trade Practice Act as well as for negligence against both the builder and the agent. At trial, the jury in response to the special issues submitted determined the following: that both Cardon and Thomas represented that the house contained 1,420 square feet; that the representations made by both Cardon and Thomas were false, misleading or deceptive acts or practices; that the representations by both Cardon and Thomas were a producing cause of the actual damages sustained by the plaintiffs; that the representations by both were material to the purchase of the property in question; and that such conduct by both Cardon and Thomas was unconscionable action. In addition, the jury determined that the builder Thomas failed to inspect the square footage of the house in question, that such failure was negligence and a proximate cause of the damages to the Plaintiffs, and that $3,000.00 would fairly and reasonably compensate the Plaintiffs for their actual damages. The jury also found that the Plaintiffs were entitled to $3,900.00 in attorney's fees and an additional $1,000.00 in attorney's fees if the case was appealed. Judgment was thereafter entered in favor of the Plaintiffs against both Defendants jointly and severally, with damages trebled to $9,000.00 together with attorney's fees.

The first two points of the Defendant Thomas challenge the legal sufficiency of the evidence to support the jury's finding to Special Issue No. 1 that Thomas made a misrepresentation to the Plaintiff regarding the square footage. In viewing these legal sufficiency points, we have considered only the evidence and inferences to be drawn therefrom which support the jury's findings, and we find no evidence where the Defendant Thomas ever represented the house as containing 1,420 square feet.

Thomas testified that he intended to build a house with 1,286 square feet and he listed the house with the realty company specifically designating that the house contained 1,286 square feet. The home was then placed in Multiple Listing Service with a 1,286 square foot designation. There was an FHA firm commitment which indicated that the improved floor area of the house was 1,420 square feet, and the evidence regarding this document was that it was prepared by the FHA after their own inspector measured the house and that the builder had nothing to do with such inspection or report. No document was produced that was executed by the builder that the house contained 1,420 square feet, and there was no showing that the builder was ever aware of the incorrect statement on the FHA commitment. George Thomas was not present at the closing and never met the Plaintiff until after the suit was instituted. The builder's first two points are sustained. The third point challenges the factual sufficiency of the evidence supporting the jury finding as to the builder's false representation, and after considering all the evidence, Thomas' third point is likewise sustained.

Cardon's first point of error challenges the legal and factual sufficiency evidence supporting the jury's finding to Special Issue No. 1 that Cardon misrepresented the square footage in the house. The Plaintiffs both testified that the agent Cardon orally represented to them that the house contained 1,420 square feet and that this was repeated by the agent when discussing the FHA commitment at the time of closing. Cardon, on the other hand, had only the listing which showed the square footage as being 1,286 and denied that he ever misrepresented the same to the Plaintiffs. The jury chose to believe the Plaintiffs, and the evidence is both legally and factually sufficient to support the finding. Cardon's first point is overruled.

By his third point, Cardon complains that his motion for mistrial should have been sustained, the motion being made after the jury began deliberations and had sent a note inquiring of the court the following:

Special Issue # 1—if we are for the Plaintiff "Preponderance" means that we should vote We do not?

Cardon contends that the jury had determined at that time that it wanted the Plaintiff to win and was then merely trying to answer the questions accordingly. No hearing was held on jury misconduct. The ambiguous question from the jury does not establish the misconduct. The Defendant has failed in his burden of establishing that misconduct occurred, that it was material and that it reasonably appeared from the record as a whole that injury probably resulted to him. *Fountain v. Ferguson,* 441 S.W.2d 506 (Tex.1969); Rule 327, Tex.R. Civ.P. The point is overruled.

After the trial court received the note previously discussed from the jury, the jury was brought into the courtroom and sat for some time while the court disposed of other matters. During that period of time, the suggested answers written on the blackboard by the attorney for the Plaintiff when making his closing argument were visible to the jury. When the court was ready to proceed with the question from the jury, the jury foreman informed the trial court that the "question has been cleared as of the last five minutes." At that time, both Defendants moved for a mistrial and the motion was overruled. The Defendants respectfully allege in their Points of Error No. Four that the trial court erred in failing to declare a mistrial, as it was obvious that the jury was influenced by the prejudicial material on the blackboard after their

deliberations had begun. Other than what occurred in the courtroom, there is no evidence of jury misconduct in support of the point. The real complaint made under the point is that the jury committed misconduct by deciding who should win and trying to answer the questions accordingly. There is no testimony or other proof that the jury decided the issues according to an agreement as to whom should win. Again, under this point Defendants have failed to sustain their burden. The points are overruled.

■ The Thomas Points of Error Nos. Five and Six challenge the legal and factual sufficiency evidence to support the jury's findings of Special Issue No. 7 where the jury found Thomas to be negligent in failing to inspect the square footage of the home. As previously pointed out in discussing Thomas' first point, the only evidence produced was that Thomas as a builder always reported the correct square footage in the house. We fail to see where negligence was established in failing to measure that which he correctly reported. Having considered only the evidence and the inferences to be drawn therefrom which support the jury's findings, we find no evidence where the Defendant Thomas was ever negligent in failing to inspect the square footage of the house. Having considered all the evidence, we find that the evidence is insufficient to support the finding. Thomas' Points of Error Nos. Five and Six are sustained.

■ By his Point of Error No. Two, Cardon challenges the legal and factual sufficiency evidence supporting the jury's findings of damages. The jury determined that $3,000.00 would fairly and reasonably compensate the Plaintiffs for their actual damages. The facts in this case are surprisingly similar to the damages discussed in *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535 (Tex.1981). That was a deceptive trade practice case where the real estate agent made the representation that the house had 155 square feet more than it did and the alleged actual damages of $3,419.30 were computed by multiplying the cost of the house per square foot as represented times the square footage deficiency. Here, without knowing exactly how the jury arrived at its figure, the evidence can be examined to determine that they calculated damages by using the difference in actual square footage in the home and the square footage represented. Here, the cost of the house per square foot as represented would be $22.33, and the square footage deficiency would be 134 square feet. Multiplying the two, damages would be $2,992.22. This is a permissible measure of damages in a case of this nature. Cardon's Point of Error No. Two is overruled.

■ While we have sustained the Thomas points as to the misrepresentation and as to the negligence issues, we cannot afford that Defendant complete relief. Under the holding of *Loma Vista Development Co. v. Johnson,* 142 Tex. 686, 180 S.W.2d 922 (Tex. 1944), the vendor does become liable for the actual damages even though the vendor did not authorize the representations made by the real estate agent. By the same token, since the real estate agent was a special agent with no implied authority from the vendor to make representations with respect to the quality of the property sold, the seller is not liable for the additional penalties of Section 17.50, Tex.Bus. & Com.Code Ann.

Therefore, the judgment is reformed to the extent that the Plaintiffs recover of and from both Defendants, jointly and severally, the sum of $3,000.00 and costs of suit in the court below, and in addition the Plaintiffs recover of and from the Defendant E.G. "Bob" Cardon the additional sum of $6,000.00 together with the attorney's fees as provided in the judgment below. The judgment below is affirmed in all other respects.

## MOTION FOR REHEARING

The Appellant Thomas has insisted in his motion for rehearing and supplemental citation that under no circumstances can Thomas as innocent seller be liable for the actual damages suffered by the plaintiffs because of the unauthorized and unknown misrepre-

sentations of his special agent. The statute is to the contrary, since it provides that the person who benefits from the false representation is jointly and severally liable with the one making the false representation. Sec. 27.01, Tex.Bus. & Com.Code Ann. (Vernon 1968). The statute further provides that the measure of damages is the difference between the value of the real estate as represented and its actual value in the condition in which it was delivered. See also: *Ingalls v. Rice,* 511 S.W.2d 78 (Tex.Civ.App. —Houston [14th Dist.] 1974, no writ).

The motion for rehearing filed by Thomas is overruled.