

# NUMBER 13-18-00311-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE TEXAS FUELING SERVICES, INC. AND DEWITT GREEN III

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Chief Justice Valdez[1]**

By petition for writ of mandamus, relators Texas Fueling Services, Inc. and Dewitt Green III seek to compel the trial court to vacate its April 11, 2018 order granting a new trial in favor of real party in interest, Tiffany Dawn Davis. Following an evidentiary hearing, the trial court found that "[o]ne juror answered specific and direct questions asked during voir dire and on her juror information card untruthfully, erroneously, and incompletely." The trial concluded that this misconduct was "material" and "probably resulted in injury"

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

to Davis based upon the its review of "the entire record and the context in which the misconduct occurred." Relators contend that the trial court abused its discretion by granting a new trial based on hearsay testimony, testimony regarding juror deliberations, and absent evidence of probable harm to Davis. We deny the petition for writ of mandamus.

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). Relators bear the burden of proving both requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

A writ of mandamus will issue to correct a clear abuse of discretion committed by a trial court in granting a new trial. *In re Whataburger Rests. L.P.*, 429 S.W.3d 597, 598 (Tex. 2014) (orig. proceeding) (per curiam); *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 756–57 (Tex. 2013) (orig. proceeding); *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688–89 (Tex. 2012) (orig. proceeding). The trial court does not abuse its

discretion in granting a new trial if its stated reason for granting a new trial (1) is a reason for which a new trial is legally appropriate, such as a well-defined legal standard or a defect that probably resulted in an improper verdict; and (2) is specific enough to indicate that the trial court did not simply parrot a pro forma template, but rather derived the articulated reasons from the facts and circumstances of the case at hand. *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d at 756–57; *In re United Scaffolding, Inc.*, 377 S.W.3d at 689–90. A new trial order "cannot stand," however, when the "trial court's articulated reasons are not supported by the underlying record." *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d at 757.

The new trial order in this case cites juror misconduct as the reason for granting a new trial. Juror misconduct is a legally proper reason for granting a new trial. *See* Tex. R. Civ. P. 327. Thus, the trial court's new trial order states a reason for granting a new trial which is legally appropriate. *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d at 759; *In re Zimmer, Inc.*, 451 S.W.3d 893, 898 (Tex. App.—Dallas 2014, orig. proceeding). The trial court's order also is detailed enough to indicate that the trial court did not follow a generic template and that its articulated reasons are derived from the specific facts and circumstances of this case. *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d at 756–57. The order is specific enough both to permit relators to attack it and to enable our review. *See In re Zimmer, Inc.*, 451 S.W.3d at 898; *In re United Servs. Auto. Ass'n*, 446 S.W.3d 162, 176 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding).

We next examine whether the trial court's reasons for granting a new trial are "valid and correct." *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d at 756–57. Thus, we must undertake a "cumbersome review" of the trial court's record. *See id.* (quoting

*Peterson v. Wilson*, 141 F.3d 573, 579 (5th Cir. 1998)). Texas Rule of Civil Procedure 327(a) provides:

> When the ground of a motion for new trial, supported by affidavit, is . . . that a juror gave an erroneous or incorrect answer on voir dire examination, the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if . . . the erroneous or incorrect answer on voir dire examination, be material, and if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party.

TEX. R. CIV. P. 327(a). To warrant a new trial based on jury misconduct, the movant must establish (1) the misconduct occurred, (2) it was material, and (3) it probably caused injury. *See id.*; *In re Health Care Unlimited, Inc.*, 429 S.W.3d 600, 602 (Tex. 2014) (orig. proceeding); *Golden Eagle Archery v. Jackson*, 24 S.W.3d 362, 372 (Tex. 2000); *Holland v. Loveless*, 352 S.W.3d 777, 783 (Tex. App.—Dallas 2011, pet. denied). The complaining party has the burden to prove all three elements before a new trial can be granted. *In re Healthcare Unlimited, Inc.*, 429 S.W.3d at 602; *Redinger v. Living, Inc.*, 689 S.W.2d 415, 419 (Tex. 1985); *In re Zimmer, Inc.*, 451 S.W.3d at 898–99.

Relators bear the "burden of providing this Court with a sufficient record to establish their right to mandamus relief." *Walker*, 827 S.W.2d at 837; *see In re Athans*, 458 S.W.3d 675, 676 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding); *In re Carrington*, 438 S.W.3d 867, 868 (Tex. App.—Amarillo 2014, orig. proceeding); *In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 314 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding). Under Texas Rule of Appellate Procedure 52.7, the relators must file with their mandamus petition a certified or sworn copy of every document that is "material" to their claim for relief and that was filed in the underlying proceeding, and a properly

4

authenticated transcript of any "relevant" testimony from any underlying proceeding, including any exhibits offered into evidence. *See* TEX. R. APP. P. 52.7.

This burden is particularly significant given the specific issue raised in this original proceeding. Texas Rule of Civil Procedure 327 expressly provides that the trial court may grant a new trial based on jury misconduct "if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party." TEX. R. CIV. P. 327(a); *see Flores v. Dosher*, 622 S.W.2d 573, 574 (Tex. 1981) (stating that the movant for a new trial based on juror misconduct must establish "that based on the record as a whole, the misconduct probably resulted in harm"); *Strange v. Treasure City*, 608 S.W.2d 604, 606 (Tex. 1980) (same); *Fountain v. Ferguson*, 441 S.W.2d 506, 508–09 (Tex. 1969) (same). The Texas Supreme Court has held that the term "record as a whole," as used in the rule regarding juror misconduct, includes "matters disclosed by the evidence on the main trial as well as the motion for new trial." *Fountain*, 441 S.W.2d at 508. We broadly construe the phrase "record as a whole" as including "any and all parts of the record which may throw light on the question of injury." *Id.*

Here, relators have provided us with a mandamus record which encompasses relevant court filings and transcripts of the parties' proceedings during voir dire. However, relators have not provided us with the reporter's record and exhibits for the trial of this matter. By failing to provide a full record, relators have failed to meet their burden to establish that the trial court abused its discretion in granting Davis a new trial. *See* TEX. R. CIV. P. 327(a); *Fountain*, 441 S.W.2d at 508–09.

The Court, having examined and fully considered the petition for writ of mandamus, the response, the reply, and the record, is of the opinion that relators have not established their right to mandamus relief.  Accordingly, we deny the petition for writ of mandamus.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed this
12th day of July, 2018.